■ DOROTHY T. CARY, Appellant, v J. RAYMOND FISHER, Respondent. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered October 12, 1983 in Albany County, which partially granted defendant's motion for summary judgment by dismissing plaintiff's claims for exemplary or punitive damages. ¶ In 1980, defendant represented plaintiff in a divorce action pursuant to which plaintiff and her husband agreed to a property disposition giving exclusive possession of the marital residence to plaintiff for seven years; the husband remained responsible for the mortgage, taxes and insurance on the property. In the spring of 1981, the husband defaulted on the mortgage payments and, when the bank gave notice of its intention to foreclose, plaintiff and her husband entered into a modification agreement whereby the latter deeded his interest to plaintiff and increased his maintenance payments by $100 per month in exchange for a release of his obligation to make the mortgage-tax payments. At the time the modification agreement was executed, there were substantial judgments outstanding against the husband with consequent liens against his interest in the property. The parties acknowledge that whether plaintiff was indeed unaware of these judgments and/or was not properly advised by defendant regarding the need to procure a current title abstract and search on the property is a question of fact for trial. What is at issue is the propriety of Special Term's summary denial of plaintiff's claim for punitive or exemplary damages. Inasmuch as the facts, reasonably interpreted in plaintiff's favor, do not support that claim, we affirm. ¶ There is nothing that shows that defendant acted with an "evil or wrongful motive or with a willful and intentional misdoing, or with a reckless indifference equivalent thereto" (*Le Mistral, Inc. v Columbia Broadcasting System,* 61 AD2d 491, 495, app dsmd 46 NY2d 940). Plaintiff contends that the attorney-client relationship and defendant's failure to conduct a search, compounded by the fact that he himself had a recorded judgment (for unpaid counsel fees earned representing plaintiff in the matrimonial action) against the husband's interest in the property, amounted to a wanton or reckless disregard of her rights, permitting an inference of malice. Admittedly an attorney-client relationship existed. It is, however, not only unresolved and sharply disputed whether defendant had been retained to conduct a search, but, if he was, there is no evidence that his motive for failing to do so was maliciously, intentionally or recklessly inspired. Furthermore, defendant's proceeding against the husband was commenced in January, 1981, long before the question of a modification agreement was even entertained. If defendant is guilty of negligence at all, it is not of such a nature as to transcend mere carelessness and rise to the level of misconduct which warrants punitive

damages. ¶ Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.