■ DEBRA SANTAMARINA et al., Appellants, v EDWARD CITRYNELL et al., Respondents. [609 NYS2d 902] —Judgment, Supreme Court, Nassau County (John O'Shaughnessy, J.), entered August 9, 1991, which, *inter alia,* granted defendant Damashek's motion and defendant Citrynell's cross-motion for summary judgment dismissing the complaint and all cross-

claims, cross-complaints and counterclaims against them, unanimously modified, on the law, to deny the motion as to defendant Citrynell with respect to the underlying claim for assault and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff claims to have been assaulted on January 14, 1983 by a security guard at Franklin General Hospital while she was there visiting her brothers. She also alleges that she was threatened by the same guard the next day. According to plaintiff, she met defendant Citrynell, an attorney already representing her brothers in connection with the incident which hospitalized them, at the hospital on January 17th and immediately retained him. It is not disputed that Citrynell took no action with respect to the case. In July of 1985, plaintiff discharged Citrynell and retained defendant Damashek, who purportedly took the matter on the understanding that an action for assault had been timely commenced. None had. In any event, Damashek took no action in the matter and allegedly did not receive the file until March 1986, by which time the statute of limitations on any action against the hospital or any other entity on a negligent hiring theory had run. Damashek then declined to pursue the matter any further.

Plaintiff commenced this action against Citrynell only for, inter alia, legal malpractice and breach of contract. After Citrynell impleaded Damashek, plaintiff amended her complaint to add the latter as a party defendant. After all parties had been deposed, Damashek moved for summary judgment dismissing all the claims against him on the grounds that at the time of his retention the statute of limitations for assault had already expired and that, as to any cause of action against the hospital for negligent hiring, there was no evidence to suggest that such a cause was viable. Citrynell cross-moved for similar relief. The IAS Court granted the motions, reasoning that plaintiff had failed to demonstrate the security guard was the hospital's employee or that the guard was acting within the scope of his authority at the time of the assault. The court also found that plaintiff had failed to show that the hospital had any knowledge of a propensity for violence on the part of the employee.

As limited by plaintiff's brief, only the malpractice claim is at issue. It is, of course, a plaintiff's burden in such a case to show that the attorney's alleged negligence was a proximate cause of his or her loss. (*Novak v Fischbein, Olivieri, Rozen-*

*holc & Badillo,* 151 AD2d 296, 299.) If neither of the putative causes of action, i.e., assault and negligent hiring, could have been successfully asserted, a cause of action in legal malpractice will not lie. *(Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455, *appeal dismissed* 78 NY2d 907.) As to the cause of action for assault, in order to invoke the doctrine of respondeat superior, assuming the desired defendant was not the security officer individually, plaintiff would be required to show that the assault was committed by the officer acting within the scope of his employment. *(See, Riviello v Waldron,* 47 NY2d 297, 302.) The tortious act must, in some way, have been effectuated, however, improvidently, to advance the employer's interest. *(Supra; see also, Sauter v New York Tribune,* 305 NY 442, 445.) Since this issue is generally a factual one, it presents a question for resolution by the trier of the fact. *(Riviello v Waldron, supra,* at 303.) Whoever the employer, the hospital or an outside agency, it cannot be said on this record that the assault was outside the scope of employment as a matter of law.

As for the alleged malpractice arising out of the failure to commence an action for negligent hiring, plaintiff must show that the employer knew or should have known of the guard's propensity for violence. *(Detone v Bullit Courier Serv.,* 140 AD2d 278, 279, *lv denied* 73 NY2d 702.) There has been no such showing here and knowledge, actual or constructive, cannot be inferred from the mere happening of the incident complained of. It should be noted that plaintiff did not and does not now argue that she requires further discovery.

Thus, the action was properly dismissed as to Damashek, who, although retained six months before the running of the statute of limitations on any negligence action, which, in any event, has not been shown to have any merit, was not retained until after the statute had expired on the assault claim. The complaint against Citrynell as to the legal malpractice cause of action was, however, erroneously dismissed insofar as it relates to the underlying assault claim. We modify accordingly. Concur—Sullivan, J. P., Carro, Ellerin and Nardelli, JJ.