■ Leonard Naturman, Appellant, v Crain Communications, Inc., et al., Respondents. [628 NYS2d 281] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 25, 1994, which, *inter alia*, granted partial summary judgment pursuant to CPLR 3212 in favor of the defendants dismissing the first, fifth and sixth causes of action of the plaintiff's complaint, unanimously affirmed, with costs.

Contrary to plaintiff's contention that his loss of employment was the product of age discrimination, the documentation and deposition testimony submitted by way of affirmation establish that twenty months after his hiring, and after receiving numerous consistently negative performance memos and corrective measures demanded by his superiors with respect to his advertising accounts, plaintiff's employment as a sales representative for the defendants was terminated on January 13, 1988 based upon his unsatisfactory job performance.

The fifth cause of action for prima facie tort was also properly dismissed since plaintiff failed to show defendants acted with " 'disinterested malevolence' " in terminating his employment (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333).

Nor did the IAS Court err in dismissing the sixth cause of action of the complaint alleging negligent infliction of emotional distress since the plaintiff failed to establish that the defendants' conduct was so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community (*Fischer v Maloney*, 43 NY2d 553, 557). Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.