■ COLTON, HARTNICK, YAMIN AND SHERESKY, Respondent-Appellant, v HERBERT FEINBERG, Appellant-Respondent. (Action No. 1.) HERBERT FEINBERG, Appellant-Respondent, v EDWARD E. COLTON et al., Respondents-Appellants, and JOHN A. VASSALLO et al., Respondents. (Action No. 2.) [642 NYS2d 283] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered July 20, 1995, which, *inter alia*, in Action No. 2, granted the motion of all of the defendants for summary judgment dismissing the third cause of action under Judiciary Law § 487 seeking treble damages for deceit and collusion, granted the motion of defendant Vassallo and the Franklin defendants for summary judgment dismissing the complaint as against them, and denied the Colton defendants' motion to dismiss the claims for punitive damages sought in the first and second causes of action for legal malpractice and breach of contract, unanimously modified, on the law, to the extent of reinstating the fifth cause of action of the complaint for unjust enrichment as against defendant Vassallo and the Franklin defendants and dismissing the claims for punitive damages sought against the Colton defendants in the second cause of action for breach of contract, and otherwise affirmed, without costs.

The cause of action under Judiciary Law § 487 should be dismissed for failure of the client, Feinberg, to come forward with any evidence to support his conclusory allegations that the attorneys who represented him in his divorce action (the Colton defendants) colluded with the attorney who represented his former wife (Vassallo) to induce him to settle the divorce quickly and to overpay his former wife's legal fees so that Vassallo could invest in what later was discovered to be an illegal Ponzi scheme set up by a member of the Colton firm. However, the cause of action against Vassallo and his partners (the Franklin defendants) for unjust enrichment should not have been dismissed, since the documentary evidence raises an issue as to the reasonableness of their fee, and inquiry into such should not be precluded by the fact that the fee was negotiated as part of the divorce settlement.

The punitive damages claims in the cause of action for breach of contract should have been dismissed not only as against the "non-involved" Colton defendants but also as

against the "involved ones". "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Feinberg makes no claim that the Colton defendants' alleged inattentiveness to his divorce action was part of a pattern directed at the public generally. We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Ellerin, Ross and Mazzarelli, JJ.