■ DIANE WOLKSTEIN, Respondent, v MARK J. MORGENSTERN, Appellant, et al., Defendants. [713 NYS2d 171] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 8, 1999, which granted plaintiff's motion to amend her complaint to assert a cause of action for negligent infliction of emotional distress against defendant Morgenstern and denied said defendant's cross-motion for partial summary judgment to dismiss plaintiff's damage claims for emotional and psychological damages, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross-motion granted and plaintiff's damage claims for emotional and psychological damages dismissed.

This is a legal malpractice action in which plaintiff seeks compensation for lost and damaged property, lost business opportunities, and other damages based on claims for gross negligence, breach of fiduciary duty and fraudulent concealment. Just before the note of issue was to be filed, plaintiff moved to add a cause of action for negligent infliction of emotional distress based upon the factual allegations of her complaint. For present purposes only, we will assume the truth of the facts alleged by plaintiff. Plaintiff's pleading alleged that Morgenstern was retained by plaintiff to represent her in a summary holdover proceeding based upon her alleged refusal to permit the landlord access to perform necessary work. Morgenstern appeared in Housing Court on two dates and stipulated that such access would be provided. The proceeding was

not settled but adjourned, pending access and performance of contemplated work. Morgenstern allegedly advised plaintiff that based on her agreement to provide access, the proceeding had been resolved in her favor; instead he failed to have the proceeding discontinued or dismissed. He then failed to appear for two adjourned dates early in 1995. The landlord apparently did not disclose that he had been provided access, obtained a default possessory judgment and served a 72-hour eviction notice on plaintiff. Morgenstern moved by order to show cause to vacate the default, without advising plaintiff of the default judgment and without offering an excuse for plaintiff's default. In October 1995, Housing Court denied the motion to vacate the default, awarded the landlord attorney's fees of $9,380 and also imposed sanctions on Morgenstern of $5,000. Morgenstern did not advise plaintiff of that decision and award but filed a notice of appeal and obtained a stay from the Appellate Term conditioned upon plaintiff's payment of October and November use and occupancy. Having not been advised of the decision, the appeal and the stay payment, plaintiff did not make the stay payment; the landlord's motion to vacate the stay was granted on default. Morgenstern obtained one last temporary stay from the Appellate Term but in January 1996 the Appellate Term denied the motion to vacate the possessory judgment without prejudice to renewal upon proof of payment of the use and occupancy. Morgenstern continued to fail to advise plaintiff of the posture of her case, including her ability to renew her motion to vacate the judgment if she made use and occupancy payments. Plaintiff was evicted by the City Marshal in February 1996. She then retained new counsel and was only restored to possession in September 1996. Thus, as alleged by plaintiff, Morgenstern misinformed her late in 1995 that the eviction action had been settled in her favor when in fact a possessory judgment was entered based on a default, and various stays were obtained and later vacated since she failed to make payments as to which she was unaware of judicial deadlines. Plaintiff's first accurate information regarding her terminated tenancy came when the City Marshal evicted her in the middle of winter more than one year after Morgenstern advised her the proceeding had been settled in her favor. The eviction was allegedly jointly caused by the failure of her attorney to honestly inform her of the disposition of her case and the failure of the landlord to inform the Housing Court that he had obtained the access he sought.

A cause of action for negligent infliction of emotional distress must be based on allegations of conduct " 'so extreme in degree and outrageous in character as to go beyond all possible bounds

of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community' " (*Hernandez v City of New York*, 255 AD2d 202, quoting *Naturman v Crain Communications*, 216 AD2d 150). "Whether the alleged conduct is outrageous is, in the first instance, a matter for the court to decide" (*Rocco v Town of Smithtown*, 229 AD2d 1034, 1035, *appeal dismissed* 88 NY2d 1065). Generally, a cause of action for infliction of emotional distress is not allowed if essentially duplicative of tort or contract causes of action (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303). Here, as drastic and as alarming as the effects of the attorney's alleged malpractice may have been, the conduct did not unreasonably and directly endanger plaintiff's physical safety (*De Rosa v Stanley B. Michelman, P. C.*, 184 AD2d 490, 491; *Impastato v Hellman Enters.*, 147 AD2d 788, 790; *Green v Leibowitz*, 118 AD2d 756). For these reasons, the IAS Court should have denied plaintiff's motion to add a cause of action for negligent infliction of emotional distress.

Morgenstern argues for the first time on appeal that plaintiff's causes of action for fraud, gross negligence, breach of fiduciary duty and breach of Judiciary Law § 487 are duplicative of the legal malpractice cause of action and, as such, should be dismissed. Having failed to move for such dismissal in prior proceedings, that argument is not preserved for appeal (*Murray v City of New York*, 195 AD2d 379, 381).

Morgenstern's cross-motion to dismiss plaintiff's damage claims for emotional and psychological damages should have been granted, however. All of plaintiff's causes of action are based on Morgenstern's alleged legal malpractice. A cause of action for legal malpractice does not afford recovery for any item of damages other than pecuniary loss so there can be no recovery for emotional or psychological injury (*Dirito v Stanley*, 203 AD2d 903, 904, *lv denied* 1994 NY App Div LEXIS 7937). Even to the extent that plaintiff sets forth a viable independent claim for fraudulent concealment, her damages are limited to her " 'actual pecuniary loss sustained as the direct result of the wrong' " (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421, quoting *Reno v Bull*, 226 NY 546, 553) or treble damages under Judiciary Law § 487. Concur—Williams, J. P., Rubin, Saxe and Buckley, JJ.