■ Roz Ben-Zvi, Appellant, v Kronish Lieb Weiner & Hellman L. L. P. et al., Respondents. [718 NYS2d 328] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered July 20, 1999, dismissing the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's cause of action for legal malpractice based on defendants' representation of him in a Federal criminal proceeding is precluded by plaintiff's undisturbed conviction on some of the charges in that proceeding, an obstacle that plaintiff cannot avoid by pleading a purported cause of action for breach of contract alleging that defendants failed to perform their contract to represent him with due care (*see, Kaplan v Sachs*, 224 AD2d 666, *lv dismissed and denied* 88 NY2d 952). Plaintiff's cause of action for fraud, based on allegations that defendants billed him for services that either were not performed or were overstated, was properly dismissed for failure to satisfy the specificity requirement of CPLR 3016 (b) (*see, Callas v Eisenberg*, 192 AD2d 349). Plaintiff's cause of action for negligent infliction of emotional distress was properly dismissed for lack of an allegation that defendants' conduct unreasonably and directly endangered his physical safety (*see, Wolkstein v Morgenstern*, 275 AD2d 635, 637). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.

■ The People of the State of New York, Respondent, v Abdul Jabbar, Appellant. [718 NYS2d 179] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion when it precluded defendant from attempting to impeach a witness with a purported inconsistency, which was not, in fact, inconsistent (*see, People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910). In any event, the court's ruling did not deprive defendant of a fair trial.

We have considered defendant's remaining contentions and find that they do not warrant reversal. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.