■ JANE DOE, Appellant, v DIETER H. EPPEL, Respondent. [720 NYS2d 686] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of plaintiff's motion seeking leave to amend the complaint to add the proposed first and fourth causes of action. Those proposed causes of action allege medical malpractice based upon defendant's involvement in a sexual relationship with plaintiff when she was defendant's patient. The fact that plaintiff filed a complaint of professional misconduct with the Office of Professional Medical Conduct based upon the same conduct does not foreclose her from seeking damages in a civil action (*see generally, David v Biondo,* 92 NY2d 318, 321, 323-325).

The court properly denied that part of plaintiff's motion seeking leave to amend the complaint to add the proposed sixth, seventh and eighth causes of action against defendant's employee, who was not named as a defendant in the original complaint. Plaintiff failed to establish the applicability of the rela-

tion back doctrine with respect to the proposed causes of action against defendant's employee; she failed to show that the claims against defendant and his employee "arose out of the same conduct, transaction, or occurrence" (*Smith v Cutson,* 188 AD2d 1034, 1035, *lv denied* 81 NY2d 707) or that she was mistaken with respect to the identity of the employee when the original complaint was filed (*see, Ramos v Cilluffo,* 276 AD2d 1008; *State of New York v Gruzen Partnership,* 239 AD2d 735, 736).

We therefore modify the order by granting that part of plaintiff's motion seeking leave to amend the complaint to add the proposed first and fourth causes of action. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Amend Pleading.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.