■ JODY ANDREWSKI, Individually and as Mother and Natural Guardian of CORY ANDREWSKI and Another, Infants, Appellant, v JAMES J. DEVINE, JR., Individually and as a Shareholder of KILEY LAW FIRM, P. C., et al., Respondents. [720 NYS2d 423] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant James J. Devine, Jr., Esq. for partial summary judgment dismissing the amended complaint against him with the exception of that part of the first cause of action seeking damages for pecuniary loss allegedly sustained by plaintiff individually as the result of Devine's malpractice. That part of the first cause of action seeking damages for mental and emotional anguish and pain was properly dismissed because "such damages are not recoverable in a legal malpractice action based on breach of contract or negligence" (*Risman v Leader*, 256 AD2d 1245). The court also properly dismissed plaintiff's claim for punitive damages against Devine (*see, Colton, Hartnick, Yamin & Sheresky v Feinberg*, 227 AD2d 233, 233-234; *Cary v Fisher*, 101 AD2d 924).

"The well-established rule in New York with respect to attorney malpractice is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Estate of Spivey v Pulley*, 138 AD2d 563, 564). The record establishes that no attorney-client relationship existed between Devine and plaintiff's children and that there are no special circumstances that would otherwise support the causes

of action for attorney malpractice alleged against Devine on behalf of the children.

The court also properly granted the cross motion of defendants Mary Raymond and Kenneth Raymond for summary judgment dismissing the amended complaint against them. The court properly dismissed the cause of action alleging intentional infliction of emotional distress against Kenneth Raymond because his conduct was not sufficiently outrageous to support that cause of action (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122). The cause of action for negligent infliction of emotional distress against Kenneth Raymond was properly dismissed because plaintiff failed to allege that his conduct unreasonably endangered the physical safety of plaintiff or her son Cory or caused them to fear for their physical safety (*see, Harville v Lowville Cent. School Dist.*, 245 AD2d 1106, 1107, *lv denied* 92 NY2d 808). The court properly dismissed the cause of action alleging fraud against Mary Raymond and Kenneth Raymond. The "complaint did not allege sufficient factual assertions from which the conclusion could be drawn that defendants had a present intent not to carry out the promises of future action, and thus it failed to state a cause of action based on future intention" (*Giambrone v Owens*, 167 AD2d 841, 842). Finally, because the substantive causes of action against Mary Raymond and Kenneth Raymond have been dismissed, there can be no claim against them for punitive damages (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616-617). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.