(April 4, 2002)

■ CARMEN GARCIA, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents, et al., Defendant. [740 NYS2d 307] —Orders, Supreme Court, New York County (Stanley Green, J.), entered September 6, 2000, which granted the motions of defendants Montefiore Medical Center, City of New York and New York City Department of Correction for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The record discloses no triable issue as to whether defendants-respondents' failure to discharge plaintiff's decedent from prison, where she had received psychiatric treatment, pursuant to a written discharge plan (see, Mental Hygiene Law § 29.15 [h]), proximately caused her the harm alleged, namely that her prison therapist would subsequently contact her and coerce her into prostitution. The therapist's alleged actions were entirely for his own interests, and not in furtherance of defendants-respondents' business, and therefore do not constitute a basis for holding defendants-respondents vicariously liable (see, Judith M. v Sisters of Charity Hosp., 93 NY2d 932). Similarly, there was nothing in the therapist's record to render his subsequent actions reasonably foreseeable, and therefore the claims for negligent hiring and supervision were properly dismissed (see, Diaz v New York Downtown Hosp., 287 AD2d 357). Although plaintiff's decedent's statement, made after this action was commenced, to a Department of Correction investigator, that the therapist fondled her in prison, might be ac-

cepted in opposition to the summary judgment motions, even though such statement constituted inadmissible hearsay, nevertheless the utterance is insufficient to warrant denial of defendants' summary judgment motions since there is no evidence raising a triable issue as to whether the therapist, at the time of the alleged intra-institutional misconduct, was acting in furtherance of defendants-respondents' business, or as to whether defendants-respondents knew or should have known beforehand that he would engage in such improper conduct. Concur—Williams, P.J., Buckley, Friedman and Marlow, JJ.