■ Bᴀʀʙᴀʀᴀ Pᴀᴅɪʟʟᴀ, Respondent, v Kɪɴɢᴀ M. Vᴇʀᴄᴢᴋʏ-Pᴏʀᴛᴇʀ, M.D., et al., Appellants. [885 NYS2d 843]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 20, 2008 in a medical malpractice action. The order denied the motion of defendants for summary judgment and granted the cross motion of plaintiff for leave to amend the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the third cause of action and the claim for punitive damages against defendant Kinga M. Verczky-Porter, M.D., and dismissing the complaint against defendants Millard Fillmore Hospital and Kaleida Health, doing business as Millard Fillmore Hospital, and by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking compensatory and punitive damages for psychological injuries she sustained as the result of an alleged sexual relationship with defendant Kinga M. Verczky-Porter, M.D. (Dr. Porter), a resident physician who rendered care to plaintiff at an outpatient clinic on numerous occasions for over a year. Dr. Porter was employed by defendants Millard Fillmore Hospital and Kaleida Health, doing business as Millard Fillmore Hospital (collectively, Kaleida defendants). Plaintiff alleged that, after her last visit to Dr. Porter on May 25, 2001, she was contacted by Dr. Porter at home and Dr. Porter initiated a sexual relationship with her that continued until late June 2001, when Dr. Porter moved out of state. Plaintiff further alleged that they continued to communicate by telephone and e-mail for several months, and that the relationship ended in December 2001. In this action, commenced by plaintiff on November 25, 2003, plaintiff asserted two causes of action against all defendants for medical malpractice and breach of fiduciary duty. In addition, she asserted a cause of action against Dr. Porter for intentional or reckless infliction of emotional distress, and a cause of action against the Kaleida defendants for negligent hiring and supervision. Supreme Court thereafter denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for leave to amend the complaint to add a cause of action for negligent infliction of emotional distress against Dr. Porter "[if] the court finds that [the c]omplaint alleges an intentional tort alone."

Addressing first those parts of the complaint concerning Dr.

Porter, we reject the contention of defendants that the court erred in denying that part of their motion with respect to the medical malpractice cause of action against her (*see generally Doe v Eppel*, 280 AD2d 911 [2001]; *Marpe v Dolmetsch*, 246 AD2d 723 [1998]). Although in support of the motion defendants submitted the affidavit of a physician who asserted that Dr. Porter's treatment of the various ailments of plaintiff was proper, the physician did not address the allegations of negligence stemming from the alleged sexual relationship between Dr. Porter and plaintiff, as set forth in plaintiff's bill of particulars (*see S'Doia v Dhabhar*, 261 AD2d 968 [1999]). Defendants also failed to meet their initial burden of establishing that any alleged negligence stemming from that relationship was not a proximate cause of plaintiff's injuries (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We agree with defendants, however, that the court erred in denying that part of their motion with respect to the intentional or reckless infliction of emotional distress cause of action against Dr. Porter and in granting plaintiff's cross motion, and we therefore modify the order accordingly. The intentional or reckless infliction of emotional distress cause of action is time-barred and thus that part of the motion seeking summary judgment dismissing it should have been granted (*see Dana v Oak Park Marina*, 230 AD2d 204, 209-210 [1997]; *Goldner v Sullivan, Gough, Skipworth, Summers & Smith*, 105 AD2d 1149, 1151 [1984]). With respect to the cross motion, we note the well-settled principle that leave to amend a pleading should not be granted where the proposed cause of action is "totally devoid of merit" (*Probst v Cacoulidis*, 295 AD2d 331, 332 [2002]; *see Hogarth v City of Syracuse* [appeal No. 1], 238 AD2d 887 [1997], *lv dismissed* 90 NY2d 935 [1997], *lv denied* 93 NY2d 812 [1999]; *Boccio v Aspin Trucking Corp.*, 93 AD2d 983 [1983]). "Although physical injury is no longer a necessary element of [the proposed] cause of action for negligent infliction of emotional distress, such a cause of action generally must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety" (*Johnson v New York City Bd. of Educ.*, 270 AD2d 310, 312 [2000]; *see Andrewski v Devine*, 280 AD2d 992, 993 [2001]; *Ben-Zvi v Kronish Lieb Weiner & Hellman*, 278 AD2d 167 [2000]). Here, the proposed cause of action fails to allege that Dr. Porter's conduct unreasonably endangered plaintiff's physical safety or caused plaintiff to fear for her physical safety (*see Kenneth S. v Berkshire Farm Ctr. & Servs. for Youth*, 36 AD3d 1092, 1094 [2007]; *Andrewski*, 280 AD2d at 993; *Ben-Zvi*, 278 AD2d 167 [2000]).

With respect to those parts of the complaint concerning the Kaleida defendants, we conclude that they are entitled to summary judgment dismissing the complaint against them, and we therefore further modify the order accordingly. We note that the allegations in the medical malpractice cause of action against them and the negligent hiring and supervision cause of action are based on their allegedly negligent supervision of Dr. Porter. The Kaleida defendants met their initial burden with respect to those causes of action by establishing that they "acted with reasonable care in . . . supervising the employee, and plaintiff has failed to tender any admissible evidence to the contrary" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933-934 [1999]). There is no evidence in the record before us that the Kaleida defendants were aware of Dr. Porter's alleged sexual relationship with plaintiff, or that Dr. Porter's actions were reasonably foreseeable (*see Garcia v Montefiore Med. Ctr.*, 293 AD2d 264 [2002]). The affidavit of plaintiff's expert submitted in opposition to the motion is based solely on speculation and thus is insufficient to defeat those parts of the motion with respect to the medical malpractice cause of action against the Kaleida defendants as well as the negligent hiring and supervision cause of action (*see Judith M.*, 93 NY2d at 934; *Travis v United Health Servs. Hosps., Inc.*, 23 AD3d 884, 885 [2005]). The breach of fiduciary duty cause of action against the Kaleida defendants is duplicative of the two aforementioned causes of action and thus the same reasoning applies to that cause of action as well, requiring its dismissal (*see generally Adamski v Lama*, 56 AD3d 1071, 1072-1073 [2008]; *Guiles v Simser*, 35 AD3d 1054, 1054-1055 [2006]).

Finally, we agree with defendants that the court erred in denying that part of their motion for summary judgment dismissing the sole remaining claim for punitive damages, which is based on the cause of action for breach of fiduciary duty against Dr. Porter, and we therefore further modify the order accordingly. The conduct of Dr. Porter did not meet the "very high threshold of moral culpability" to support a claim for punitive damages with respect to her alleged breach of her fiduciary duty to plaintiff (*Giblin v Murphy*, 73 NY2d 769, 772 [1988]; *see generally Jakobsen v Wilfred Labs.*, 99 AD2d 525, 527 [1984]). Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.