■ GALIT SCHLOSS, Appellant, v KAREN STEINBERG, Respondent. [954 NYS2d 37]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 21, 2011, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment in her favor, unanimously affirmed, without costs.

Even if defendant's acts or omissions rose to the level of negligence, plaintiff's legal malpractice claims remain speculative. Indeed, nothing in the record shows that but for defendant's negligence, plaintiff would have been awarded a larger distribution of the marital estate or received a better settlement in the matrimonial action (*see Katebi v Fink*, 51 AD3d 424, 425 [1st Dept 2008]; *Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [1st Dept 2002]). Plaintiff's speculative arguments are insufficient to raise triable issues of fact (*see Brooks v Lewin*, 21 AD3d 731, 734-735 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]).

We reject plaintiff's claim that she was not given a fair opportunity to voice objections or concerns during the allocution in the matrimonial action. During the allocution, plaintiff acknowledged on the record that she understood and agreed with the settlement terms, and understood that it was a final and binding agreement. Accordingly, plaintiff should not be heard to disavow the allocution (*see e.g. Harvey v Greenberg*, 82 AD3d 683 [1st Dept 2011]).

Defendant made a prima facie showing that she did not make any false representations to the court or otherwise violate Judiciary Law § 487. In opposition, plaintiff failed to raise a triable issue of fact (*see Colton, Hartnick, Yamin & Sheresky v Feinberg*, 227 AD2d 233, 233 [1st Dept 1996]). Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.