12-1045-cv
Doe v. Guthrie Clinic, Ltd.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

Present:

> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,

> *Plaintiff-Appellant*,

-v.-                                                          12-1045-cv

GUTHRIE CLINIC, LTD., GUTHRIE HEALTH, GUTHRIE HEALTHCARE SYSTEM, GUTHRIE HEALTH PLAN, INC., GUTHRIE CLINIC INC., GUTHRIE CLINIC, A Professional Corporation, GUTHRIE CLINICS GROUP PRACTICE PARTNERSHIP, L.L.P., GUTHRIE MEDICAL GROUP, P.C., GUTHRIE ENTERPRISES TWIN TIER MANAGEMENT CORPORATION,

> *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT: T. Andrew Brown, Joseph A. Gawlowicz, Brown & Hutchinson, Rochester, New York.

FOR DEFENDANTS-APPELLEES: Martha Brockway Stolley, Morgan, Lewis & Bockius LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *Judge*).

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED with respect to counts two, six, seven, and eight of plaintiff-appellant's complaint, and decision is RESERVED with respect to count one of plaintiff-appellant's complaint.[1]

Plaintiff-appellant John Doe appeals from the District Court's judgment dismissing his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the complaint, Doe asserted eight causes of action, but appeals only the dismissal of his claims for (1) common law breach of fiduciary duty to maintain the confidentiality of personal health information (count one), (2) breach of contract (count two), (3) negligent hiring, training, retention and/or supervision of employees (count six), (4) negligent infliction of emotional distress (count seven), and (5) intentional infliction of emotional distress (count eight). We decide the issues relating to the last four claims (counts two through five of the complaint) in this summary order. With respect to the issues that are the subject of this summary order, we assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] In a separate opinion and certification to the New York Court of Appeals filed simultaneously with this summary order, we address and reserve decision as to Doe's appeal of the District Court's dismissal of the first claim, count one, for common law breach of fiduciary duty to maintain the confidentiality of personal health information.

Doe's claims arise from an incident on July 1, 2010, at the Guthrie Clinic (the "Clinic"), a medical clinic in Steuben County, New York allegedly owned by the defendant entities. Doe was at the Clinic to be treated for a sexually transmitted disease ("STD"). Magan Stalbird, a nurse, was working at the Clinic; Stalbird was the sister-in-law of Doe's girlfriend, Jessica. While Doe was at the Clinic, Stalbird sent six text messages to Jessica discussing Doe's STD and medical condition. After Doe complained, the Clinic fired Stalbird. On July 12, 2010, defendant-appellee Guthrie Clinic, Ltd. sent Doe a letter confirming that his confidential information had been improperly accessed and disclosed and that appropriate disciplinary action had been taken.

We review the district court's dismissal of a complaint pursuant to Rule 12(b)(6) de novo. Marsh v. Rosenbloom, 499 F.3d 165, 172 (2d Cir. 2007).

1. Breach of Contract Claim

We reject Doe's challenge to the District Court's dismissal of his breach of contract claim. Doe has not identified an express contract with the defendants-appellees, but instead alleges an implied agreement by the defendants-appellees to maintain the confidentiality of his medical records. (Compl. ¶ 54). Because Doe's breach of contract claim is more properly cast as a claim in tort rather than contract, the District Court correctly dismissed it. See, e.g., MacDonald v. Clinger, 446 N.Y.S.2d 801, 804-05 (4th Dep't 1982) (dismissing plaintiff's contract claim against psychiatrist for disclosing confidential information, but allowing claim for breach of fiduciary duty to proceed).

2. Negligent Hiring, Training, Retention and/or Supervision Claim

Doe alleges that the defendants are liable for negligently hiring, training, retaining and/or supervising Stalbird. To prevail on such a claim, a plaintiff must allege, among other things, that

-3-

"the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence." Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (quotation marks omitted); see Garcia v. Montefiore Med. Ctr., 740 N.Y.S.2d 307, 308 (1st Dep't 2002) (on negligent hiring or supervising claim, plaintiff must allege negligent conduct was "reasonably foreseeable").

Here, the complaint does not allege facts sufficient to present a plausible claim that the defendants knew or should have known of any propensity on the part of Stalbird to violate her duty to maintain the confidentiality of patient medical records. The complaint does not allege that it was foreseeable to the defendants that Stalbird would improperly disclose confidential patient information. Because the complaint fails to allege any fact to support a claim of negligent supervision or training, other than "the mere happening of the incident complained of," SantaMarina v. Citrynell, 609 N.Y.S.2d 902, 904 (1st Dep't 1994), the District Court properly dismissed that claim.

Nor does the complaint allege that other Clinic employees should have taken, but failed to take, some action to stop Stalbird from disclosing Doe's confidential information. Cf. N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 254 (2002) (evidence that other hospital employees were within a few feet of a doctor sexually abusing a patient but "unreasonably disregarded that which was readily there to be seen and heard" supported negligent failure to safeguard claim). Accordingly, the District Court properly dismissed Doe's claim for negligent hiring, training, retention, and/or supervision.

We have considered all of Doe's remaining arguments that are not the subject of the accompanying opinion and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED** in part with respect to the claims discussed

herein. For the reasons set forth in the opinion accompanying this order, decision as to the remaining claim on appeal (count one of the complaint) is **RESERVED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
