Doe v. Montefiore Medical Center

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
   RAYMOND J. LOHIER, JR.,
      <u>Circuit Judges</u>,
   LAURA TAYLOR SWAIN,
      <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
Jane Doe,
  <u>Plaintiff-Appellant</u>,

  -v.-          14-1124

Montefiore Medical Center, Montefiore Medical Group, Montefiore Health System, Inc.,
  <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**   JEFFREY M. HERMAN, Herman Law, Boca Raton, Florida.

**FOR APPELLEES:**   JON D. LICHTENSTEIN (with Laura E. Rodgers, on the brief) Gordon & Silber, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Jane Doe appeals from a judgment of the United States District Court for the Southern District of New York (Failla, J.)[1] dismissing some claims on summary judgment and dismissing the remaining claims with prejudice (by stipulation of the parties). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

It is undisputed on this record that the assailant, Dr. Richard Saulle, was employed by defendants, and that the sexual assault on the plaintiff took place on defendants' premises.

"To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer 'knew or should have known of the employee's propensity for the conduct which caused the injury' prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (quoting Kenneth R. v.

---

[1] The claims at issue in this appeal were resolved in an earlier decision and order of the United States District Court (McMahon, J.), but the case was reassigned to Judge Failla before entry of final judgment.

2

*Roman Catholic Diocese of Brooklyn*, 654 N.Y.S.2d 791, 793 (App. Div. 2d Dep't 1997)) (internal citations omitted). This case therefore turns on whether that assault was foreseeable.

New York law appears to take differing approaches relating to foreseeability in cases alleging that sexual assault by an employee was foreseeable to the employer. In some cases, the plaintiff must offer evidence that the employer knew (or should have known) of the employee's "propensity . . . to engage in inappropriate sexual conduct." Id. In other cases, the plaintiff has been required to show only that the employer knew (or should have known) of the employee's propensity to engage in physical assault, whether or not such conduct was of a sexual nature. See, e.g., *Dawn VV v. State of New York*, 850 N.Y.S.2d 246, 249 (App. Div. 3d Dep't 2008) ("Although defendant may not have been aware that a sexual assault was likely to occur if residents were left unsupervised, it was foreseeable that a resident could engage in some type of physical assault against another resident" where safety plans called for residents to be supervised); *T.W. v. City of New York*, 729 N.Y.S.2d 96, 98 (App. Div. 1st Dep't 2001) ("[I]t cannot be said that, as a matter of law, it is unforeseeable that a person with convictions for assault would commit a sexual assault" when that person is employed by an organization that serves children).

We need not decide this issue here. The district court correctly determined that, on this record, no reasonable jury could conclude that defendants knew or should have known of Dr. Saulle's propensity to commit an assault--let alone a sexual assault. Accordingly, summary judgment in favor of defendants was appropriate on the negligent retention and supervision claim under New York law. See *Rodriguez v. United Transp. Co.*, 677 N.Y.S.2d 130, 132 (App. Div. 1st Dep't 1998) (entering summary judgment for defendant because plaintiff presented no evidence of employee's "history of a propensity for violence or sexual misconduct").

Doe's breach of fiduciary duty claim fails for the same reason. See *Padilla v. Verczky-Parker*, 885 N.Y.S.2d 843, 846 (App. Div. 4th Dep't 2009); see also *Ehrens*, 385 F.3d at 236 n.2.

3

For the foregoing reasons, and finding no merit in Doe's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK