14-3139-cv
*Wright v. Belafonte et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

Raymond Wright,

> *Plaintiff-Appellant*,

> v.                                                                                     14-3139-cv

Harry Belafonte, Michael Shnayerson, Penguin Random House LLC, Alfred A. Knopf, a division of Random House LLC, New York Times Co., New York Times, International Herald Tribune, Boston Globe,

> *Defendants-Appellees*,

Federal Bureau of Investigation,

> *Defendant*.

_____

1

FOR PLAINTIFF-APPELLANT:      Raymond Wright, pro se, New York, New York.

FOR DEFENDANTS-APPELLEES:      David E. McCraw, Jeremy A. Kutner, The New York Times Company, New York, New York. Linda J. Steinman, Eric J. Feder, Davis Wright Tremaine LLP, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Daniels, *J.*; Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Raymond Wright, proceeding pro se, appeals the district court's judgment dismissing his defamation complaint and the district court's order denying reconsideration. Wright, Harry Belafonte's half-brother, alleged that he had been defamed in Belafonte's autobiography, and sued Belafonte, the book's co-author and publishers, and newspapers that had reviewed the book. He raised defamation, trade libel, false light, intellectual property theft, and RICO claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009).   Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.   The court's denial of reconsideration is reviewed for abuse of discretion.  *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

Here, our review of the record and relevant case law reveals that the district court properly dismissed the complaint and denied reconsideration of that decision.   We affirm for substantially the reasons stated by the magistrate judge in his thorough report and recommendation, adopted by the district court judge.

One issue warrants brief discussion. Wright's negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") claims were dismissed because they were duplicative of the libel claim and because Wright had not stated an NIED or IIED claim. In general, NIED and IIED claims are "not allowed if essentially duplicative" of another cause of action.  *Wolkstein v. Morgenstern*, 275 A.D.2d 635, 637 (1st Dep't 2000).   However, because the libel claims were dismissed, the court may have erred by dismissing the NIED and IIED claims as duplicative.  *See 164 Mulberry St. Corp. v. Columbia Univ.*, 4 A.D.3d 49, 58 (1st Dep't 2004) (reasoning that "insofar as both libel and libel per se claims were dismissed . . . it follows that dismissal of the intentional infliction of emotional distress claims is not required").

Nonetheless, these claims were properly dismissed because Wright did not plead "extreme and outrageous conduct."  *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993).   Liability on such a claim is imposed only for conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

3

intolerable in a civilized community." *Chanko v. Am. Broad. Cos.*, 27 N.Y.3d 46, 56 (2016) (quoting *Howell*, 81 N.Y.2d at 122). The brief, unflattering portrayal of Wright in Belafonte's autobiography does not rise to this level. *Id.* at 57 (ruling that the defendant's "broadcasting of a recording of a patient's last moments of life without consent . . . would likely be considered reprehensible by most people," but was "not so extreme and outrageous as to satisfy our exceedingly high legal standard"); *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143–44 (1985) (publishing the contents of confidential divorce records was not extreme and outrageous conduct).

On appeal, Wright argues that the district court judge should have recused himself. Wright has waived this claim because he never moved for recusal in the district court. *See United States v. Yu-Leung*, 51 F.3d 1116, 1119 (2d Cir. 1995). Moreover, he has articulated no basis on which "a reasonable person, *knowing all the facts*, would conclude that the court's impartiality might reasonably be questioned." *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993) (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)); *see also Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (setting forth guidelines for recusal); *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998) (recusal is not required for "remote, contingent, indirect or speculative interests" (quoting *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996))).

We have considered all of Wright's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk