## Klahr v McCoy

2025 NY Slip Op 32158(U)

June 16, 2025

Supreme Court, New York County

Docket Number: Index No. 151786/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**      PART   **33M**

*Justice*

-----------------------------------------------------------------------X

STACY KLAHR, and ARYEH LESLIE KLAHR,

                   Plaintiffs,

           - v -

DASMINE D. MCCOY, UBER TECHNOLOGIES,
INC.,UBER USA LLC,BREAKAWAY COURIER
CORPORATION,

                   Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151786/2021 |
| MOTION DATE | 08/28/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93 were read on this motion to/for        JUDGMENT - SUMMARY     .

Upon the foregoing documents, and after a final submission date of April 22, 2025, Defendants Uber Technologies, Inc. and Uber USA LLC's (collectively "Uber") motion for summary judgment dismissing Stacy Klahr ("Stacy") and Aryeh Leslie Klahr (collectively "Plaintiffs") Complaint is granted. Plaintiffs' cross-motion to strike Uber's statement of material facts is denied.

## I.     Background

On April 4, 2018, Stacy was crossing the intersection at West 47th Street and Avenue of the Americas in Manhattan when she was struck by Dasmine D. McCoy ("McCoy") while he was riding a bicycle. McCoy was registered as a driver for Uber. On the day of the accident, McCoy logged into the Uber application at 12:48 p.m. but logged out twenty second later. The next time McCoy logged into the Uber application was at 3:50 pm on April 6, 2018. Plaintiffs allege that McCoy was working for Uber at the time of her accident and therefore she is entitled to recover from Uber through a theory of vicarious liability, but Uber refutes this and argues that it is

**151786/2021 KLAHR, STACY vs. MCCOY, DASMINE D.**
**Motion No. 002**

Page 1 of 4

1 of 4

[* 1]

impossible for a driver to accept work from Uber if they are not logged in to the Uber application. Plaintiffs' sole argument that McCoy was working for Uber at the time of the accident is that she observed an uber sign affixed to the front of McCoy's bicycle. Stacy admitted she also saw another company sign affixed to the bicycle other than Uber (NYSCEF Doc. 91 at 84-85). On August 2, 2023, Plaintiffs discontinued their action against the other delivery company named – Breakaway Courier Corp. Defendant McCoy has not appeared, and the record contains no deposition testimony from him. Uber now moves for summary judgment dismissing Plaintiffs' Complaint. Plaintiffs oppose and cross move to strike Uber's statement of material facts.

## II.    Discussion

### A. Plaintiffs' Cross Motion

Plaintiffs' cross motion is denied. Plaintiffs bizarrely argue that Uber needed permission from the Court to include a statement of material facts with its motion for summary judgment, and that since it did not obtain permission its statement of material facts should be stricken. There is no support for this argument in the CPLR, Court rules, or case law.

### B. Uber's Motion

Uber's motion is granted. Here, Uber met its *prima facie* burden of showing McCoy was not working for it at the time of Stacey's accident. Tthe deposition testimony and affidavit of Todd Gaddis definitively establishes that McCoy was not logged onto the Uber application at the time of the accident, and on the day of the accident he had only logged on to the Uber application for a total of twenty seconds. Mr. Gaddis further explains that drivers cannot take Uber orders unless they are logged onto the Uber application.

The only evidence relied on by Plaintiff is an investigator's affidavit of Stuart Schwartz, who recited that McCoy told him he was working for Uber at the time of his accident -- but this is

151786/2021   KLAHR, STACY vs. MCCOY, DASMINE D.          Page 2 of 4
Motion No.  002

2 of 4

hearsay, and hearsay alone cannot defeat a properly supported motion for summary judgment (*Nava-Juarez v Mosholu Fieldston Realty, LLC*, 167 AD3d 511 [1st Dept 2018]) Stacey's belief that McCoy was working for Uber at the time of the accident simply because there was an Uber sign amongst other delivery service company signs affixed to Plaintiff's bicycle, amounts to, without more, mere speculation and conjecture. This is insufficient to defeat summary judgment (*see, e.g. Caguana v 712 Fifth Ave. Owner LP*, 229 AD3d 401,403 [1st Dept 2024]; *see also Schloss v Steinberg*, 100 AD3d 476 [1st Dept 2012]).

There is no evidence submitted contradicting the data from the Uber application showing McCoy stopped working for Uber long before Stacey's accident and did not log back on to the Uber application until over twenty-four hours after Stacey's accident. Based on the evidence proffered by Uber, and in the absence of any issues of material fact concerning McCoy's employment with Uber at the time of the accident, Uber's motion for summary judgment is granted.

Accordingly, it is hereby,

ORDERED that Uber's motion for summary judgment dismissing Plaintiffs' Complaint is granted, and Plaintiffs' Complaint against Uber is hereby dismissed; and it is further

ORDERED that Plaintiffs' cross motion seeking to strike Uber's statement of material facts is denied; and it is further

ORDERED that within sixty days of entry of this Decision and Order, Plaintiffs shall notify the Court of their intention to either discontinue this action or move for default judgment against the sole remaining non-appearing party, Dasmine D. McCoy; and it is further

ORDERED that within ten days of entry, counsel for Uber shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

<table>
<tr><td>__6/16/2025__<br>DATE</td><td colspan="2"></td><td>_Mary V Rosado JSC_<br>HON. MARY V. ROSADO, J.S.C.</td></tr>
</table>

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | x | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**151786/2021 KLAHR, STACY vs. MCCOY, DASMINE D.**
**Motion No. 002**

Page 4 of 4

4 of 4