■ IRWIN MULBERG, an Infant, by GERTRUDE MULBERG, His Mother and Natural Guardian, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48800.) —

Reynolds, J. P., Staley, Jr., Cooke and Sweeney, JJ., concur; Greenblott, J., dissents and votes to affirm in the following memorandum: I dissent and vote to affirm. In my opinion, the State was guilty of negligence in failing to perform its duty of supervision over the activities of the children under its care at the State hospital. It is the duty of the State, in the operation of its hospitals and institutions to protect its wards against "hazards reasonably to be foreseen" (*Flaherty* v. *State of New York*, 296 N. Y. 342, 346, *supra*), and to "take every reasonable precaution" (*Castiglione* v. *State of New York*, 25 A D 2d 895). This requires it to exercise reasonable care in providing them with safe and suitably supervised living quarters. It is not unreasonable to require the State to foresee that an injury might occur when 30 mentally ill, active and unruly children were supervised by only one attendant who, at times, had to leave them alone to get dressed. This is especially true when a dangerous condition, i.e., the unsecured metal clothing racks, was allowed to exist in the room. Of course, constant supervision is not required. However, it is reasonable to require better supervision of these children than what was present. The proof supports this conclusion when one considers the testimony of Merino and Lane. Lane

testified that the patients placed their clothes on the top of the racks and climbed up on the racks to retrieve them, and that he told Merino and other attendants about this; and, also, that Merino had observed a child on the top of the racks playing hide-and-seek. Merino testified that he had requested assistance from his superiors daily, but none was forthcoming. The facts support the conclusion that the risk of injury was reasonably to be perceived. From this record it is obvious that the presence of one attendant in the ward during the evening hours was not adequate under the circumstances.