■ EDWARD W. LANDAHL et al., Appellants, v CHRYSLER CORPORATION, Defendant, and CASE CHRYSLER-PLYMOUTH, INC., Respondent.—Order insofar as appealed from unanimously reversed on the law with costs and defendant's motion denied. Memorandum: Plaintiffs brought this action to recover for personal injuries sustained in an accident caused by an alleged defect in the steering mechanism of an automobile

purchased from defendant Case. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiffs had failed to establish a defect in the steering mechanism. Defendant's motion should not have been granted. A plaintiff in a products liability action need not establish the precise nature of the defect in order to make out a prima facie case *(Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Codling v Paglia,* 32 NY2d 330, 337-338). The existence of a defect may be inferred from the circumstances of the accident and from proof that the product did not perform as intended *(Halloran v Virginia Chems., supra; Codling v Paglia, supra; Narciso v Ford Motor Co.,* 137 AD2d 508). Plaintiffs' account of the car's performance immediately after it was purchased and the description of the manner in which the accident occurred tend to establish that the accident was the result of a mechanical failure in the steering mechanism. Such proof raises a strong inference that the car was defective and that defendant was negligent in failing to detect and repair it after plaintiffs informed defendant of the problem. Defendant failed to come forward with any proof to rebut plaintiffs' allegations and merely focused on the claimed deficiency in plaintiffs' proof. It thus failed to sustain its burden and summary judgment was improperly granted *(see, Narciso v Ford Motor Co., supra,* at 509). (Appeal from order of Supreme Court, Erie County, Fallon, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.