■ PAUL CAMPBELL, Appellant, v CLUSTER HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [668 NYS2d 634] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 24, 1997, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied, as academic, his motion for the disclosure of certain documents.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' cross motion for summary judgment is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the plaintiff's motion for disclosure.

In June 1994 the plaintiff, who is mentally ill, was a resident at a "halfway house", operated by the defendants, which provided transitional residential care for patients who had been released from area psychiatric facilities. On June 5, 1994, the plaintiff went to his room on the second floor of the residence and locked the door after another resident became verbally abusive and physically threatened him. The other resident followed the plaintiff to his room, continuing to yell at and threaten the plaintiff while kicking and banging on his door. The door to the plaintiff's room became jammed, apparently due to the other resident's actions. After being locked in his room for more than one hour, the plaintiff tried to leave the room by climbing out of a window. As he hung from the ledge, his hands slipped and he fell to the ground, sustaining injuries. The plaintiff commenced the instant action to recover damages for his injuries, alleging, *inter alia,* that the defendants were negligent in their supervision of him and other residents of the facility, and in failing to provide proper window guards. The court dismissed the complaint, finding that the defendants' alleged negligence was not a proximate cause of the plaintiff's injuries as a matter of law. We reverse.

The defendants owed the plaintiff a duty of reasonable care

to protect him from injury, whatever the source (*see, Gordon v City of New York,* 70 NY2d 839, 840; *Killeen v State of New York,* 66 NY2d 850, 851; *Hirsh v State of New York,* 8 NY2d 125, 127). The degree of reasonable care is measured by the plaintiff's physical and mental infirmities, as known by the defendants (*see, Mulberg v State of New York,* 35 AD2d 856, *affd* 29 NY2d 916; *Killeen v State of New York, supra,* at 852; *cf., Horton v Niagara Falls Mem. Med. Ctr.,* 51 AD2d 152, 154). Further, the plaintiff is not held to any greater degree of care for his own safety than that which he is capable of exercising (*see, Mochen v State of New York,* 43 AD2d 484, 487).

It was incumbent on the defendants, as the proponents of a motion for summary judgment dismissing the complaint, to support their motion by evidence in admissible form establishing the degree of the plaintiff's mental illness and its effect on his behavior. They failed to do so. Thus, it is impossible to determine the degree of care which the defendants owed to the plaintiff and/or the degree of care for his own safety which the plaintiff was capable of exercising. It follows, therefore, that the defendants failed to establish, as a matter of law, that they were not negligent.

Nor did the defendants establish, as a matter of law, that the plaintiff's own acts constituted an intervening cause which would relieve them from liability for their alleged negligence. An intervening act "must be a new and independent force, for it is well settled that a defendant will not be relieved of liability where the intervening act was set in motion by the defendant's own wrongful acts" (*Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270, 285). In the instant case, questions of fact exist as to whether the defendants' alleged negligence set in motion the plaintiff's ill-advised act of climbing out the window. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.