■ TARIA SMITH et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [689 NYS2d 237] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Berke, J.), dated May 8, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Taria Smith was sexually assaulted in a vacant apartment owned by the defendant, New York City Housing Authority. She was a visitor at the building attending a party on the fourth floor along with a substantial number of other persons, including at least one of her assailants. She commenced this action against the defendant for allegedly failing to maintain a safe building because the defendant was allegedly aware that the unlocked vacant apartment where the attack took place had been used as a hangout by neighborhood youths and that drug transactions took place outside its door. Furthermore, the plaintiff and a police officer who had arrived on the scene on the night of the assault testified that the front door of the building was not locked that evening.

Landlords have a common-law duty to take minimal precautions to protect tenants and visitors from foreseeable harm

including a third party's foreseeable criminal conduct (*see, Blatt v New York City Hous. Auth.*, 123 AD2d 591, 592; *Jacqueline S. v City of New York*, 81 NY2d 288). A visitor may recover damages from a landlord only upon a showing that the landlord's negligent conduct was a proximate cause of the injury (*see, Miller v State of New York*, 62 NY2d 506).

In cases where there is an allegation that the entrance to the premises was negligently secured, a plaintiff can recover only if the assailant was an intruder, since even a fully secured entrance would not keep out a tenant or someone allowed into the building by a tenant (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544). Contrary to the plaintiff's contention, the defendant has made a prima facie showing of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *see, Zuckerman v City of New York*, 49 NY2d 557). The plaintiff has failed to present competent evidence in admissible form to raise a triable issue of fact as to whether the assailant was an intruder in the building with no right or privilege to be present (*see, Irizarry v New York City Hous. Auth.*, 253 AD2d 539) and whether the defendant's conduct was a proximate cause of her injuries (*see, Miller v State of New York, supra*). Therefore, the defendant is entitled to judgment as a matter of law (*see, Zuckerman v City of New York, supra*). O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.