■ Jankie Chattergoon, as Administrator of the Estate of Rampatti Chattergoon, Deceased, Appellant, v New York

CITY HOUSING AUTHORITY, Respondent. [701 NYS2d 375] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered November 13, 1998, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this wrongful death action, plaintiff alleges that defendant's failure to properly secure its premises against intruders caused the death of plaintiff's decedent. However, because plaintiff, in response to defendant's prima facie showing of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562), failed to present evidence sufficient to raise an issue as to whether the assailant of plaintiff's decedent was, in fact, an intruder who gained access to the decedent's apartment by reason of inadequate building security, summary judgment dismissing the complaint was properly granted (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551; *Smith v New York City Hous. Auth.*, 261 AD2d 390, 391, *lv denied* 94 NY2d 754). We note in this connection that the doctrine set forth in *Noseworthy v City of New York* (298 NY 76) has no application at bar because defendant's knowledge respecting the circumstances of the decedent's death is no greater than plaintiff's (*Lynn v Lynn*, 216 AD2d 194, 195, citing *Wright v New York City Hous. Auth.*, 208 AD2d 327, 332). Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.