■ LINDA STEEL, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 1.) (Claim No. 100531.) STEPHANIE DILLON, Respondent-Appellant, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 2.) (Claim No. 10081.) [782 NYS2d 924]—In related claims to recover damages for personal injuries and wrongful death, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Marin, J.), dated January 15, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the claims on the ground that it was not negligent and granted the claimants' separate motions for summary judgment on the issue of liability and the claimants, Linda Steel and Stephanie Dillon, separately cross-appeal from so much of the same order as determined that their claims are subject to the application of CPLR article 16. Linda Steel also appeals from so much of an order of the same court dated July 7, 2003, as, upon, in effect, reargument, adhered to its original determination regarding the application of CPLR article 16, and the cross appeal by Stephanie Dillon brings up for review so much of the order dated July 7, 2003, as, upon, in effect, reargument, adhered to that original determination (*see* CPLR 5517 [b]).

Ordered that the cross appeals from so much of the order dated January 15, 2003, as relates to the application of CPLR article 16 are dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated July 7, 2003, made upon reargument; and it is further,

Ordered that the order dated January 15, 2003, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 7, 2003, is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the defendant's contention, the Court of Claims did not err by, in effect, determining that its actions were the proximate cause of the claimants' injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Campbell v Cluster Hous. Dev. Fund Co.*, 247 AD2d 353, 354 [1998]; *Pagan v Goldberger*, 51 AD2d 508 [1976]; *cf. Dunn v State of New York*, 29 NY2d 313 [1971]; *Williams v State of New York*, 308 NY 548 [1955]).

The claimants' specific contentions regarding the application of CPLR article 16 to this case are unpreserved for appellate review, and in any event, are without merit (*see Siler v 146 Montague Assoc.*, 228 AD2d 33 [1997]).

The claimants' remaining contentions are without merit. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.