■ ARTHUR G. BAUMEISTER, JR., as Executor of PATRICIA REID, Also Known as PATRICIA F. REID, Deceased, Appellant, v TOWN OF CHEEKTOWAGA et al., Respondents, et al., Defendant. [825 NYS2d 606]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 1, 2005 in a personal injury action. The order granted the motion of defendant PBS Consultants Corp., doing business as Professional Business and Security Consultants, for summary judgment dismissing the complaint and cross claims against it and the cross motion of defendant Town of Cheektowaga for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In an action to recover damages for personal injuries resulting from a fall, plaintiff, as executor of the estate of Patricia Reid, also known as Patricia F. Reid (decedent), appeals from an order that, inter alia, granted the motion of defendant PBS Consultants Corp., doing business as Professional Business and Security Consultants (PBS), for summary judgment dismissing the complaint and cross claims against it and granted the cross motion of defendant Town of Cheektowaga (Town) for summary judgment dismissing the complaint and

cross claims against it. While shopping at a grocery store, decedent was taken into custody on suspicion of shoplifting by an employee of PBS, a security company retained by the grocery store. Police officers employed by the Town then assumed custody of decedent. As the police officers took decedent out of the store, she tripped while stepping down from a landing, and sustained personal injuries. After decedent commenced this action to recover damages for her injuries, she died of causes unrelated to this incident, and plaintiff was substituted to prosecute this action in her place.

We reject the contention of plaintiff that PBS owed a duty of care to decedent at the time of the accident. Prior to the accident, PBS relinquished custody of decedent to Town police officers, and thus any duty that PBS owed to decedent while she was in their physical custody (*see generally Sanchez v State of New York*, 99 NY2d 247, 252-253 [2002]) ended before the accident occurred (*see generally Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 378-379 [1995]; *Morning v Riverhead Cent. School Dist.*, 27 AD3d 435 [2006]). Similarly without merit is plaintiff's contention that PBS had a duty to warn the police officers of decedent's mental and physical disabilities. In support of its motion, PBS submitted evidence establishing that it did not know, and had no reason to know, of decedent's alleged disabilities (*cf. Troy v North Collins Cent. School Dist.*, 267 AD2d 1023 [1999]; *Campbell v Cluster Hous. Dev. Fund Co.*, 247 AD2d 353 [1998]). In opposition, plaintiff failed to submit proof sufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Because PBS owed no duty of care to decedent at the time of the accident, Supreme Court properly granted the motion of PBS for summary judgment.

We also reject the further contention of plaintiff that the court erred in granting the cross motion of the Town for summary judgment. The Town correctly concedes that it owed decedent a duty of care because decedent was in its custody (*see Sanchez*, 99 NY2d at 252; *Johnson v State of New York*, 253 AD2d 274 [1999]), but the Town submitted sufficient evidence to establish as a matter of law that the accident in which decedent was injured was not reasonably foreseeable and that the Town therefore did not breach that duty of care (*see generally Danielenko v Kinney Rent A Car*, 57 NY2d 198, 204 [1982]). Plaintiff failed to raise a triable issue of fact in response.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.