■ Dawn VV., an Individual with Mental Disabilities, by Dallis VV., Her Guardian, Appellant, v State of New York, Respondent. [850 NYS2d 246]—

Kane, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered July 25, 2006, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

Claimant, an autistic and mentally retarded woman, lives in a residential facility operated by defendant for individuals with developmental disabilities. In February 2004, a male resident at the facility sexually assaulted claimant. Nineteen days later, in March 2004, another sexual incident occurred between claimant and a different male resident. Neither of the men was prosecuted due to his diminished mental capacities. Claimant's guardian commenced this action on claimant's behalf, seeking damages for injuries suffered by claimant as a result of the two alleged sexual assaults. At the conclusion of a bifurcated trial on liability, the Court of Claims dismissed the claim. Claimant appeals.

Initially, claimant was not entitled to have this case considered under the *Noseworthy* doctrine. While claimant was unable to testify due to her mental disabilities, the alleged sexual assaults were not witnessed by anyone who was mentally competent, placing defendant and claimant "on equal footing" with regard to access to the facts (*Gayle v City of New York*, 256 AD2d 541, 542 [1998]; *see Staples v Sisson*, 274 AD2d 779, 780 [2000]; *Chattergoon v New York City Hous. Auth.*, 268 AD2d 251, 252 [2000], *lv denied* 95 NY2d 757 [2000]; *but see Berg v State of New York*, 40 Misc 2d 354, 357 [1963]).

The Court of Claims properly redacted the hearsay portions of two police reports. While the police reports qualify as business records under CPLR 4518, hearsay portions of those reports are only admissible if each participant in the chain was under a business duty to provide the information or if the statement falls within some other hearsay exception (*see Matter of Leon RR.*, 48 NY2d 117, 122-123 [1979]; *Turner v Spaide*, 108 AD2d 1025, 1026 [1985], *lv denied* 66 NY2d 601 [1985]). The facility staff and hospital employees who evaluated claimant were under a business duty to report incidents to the Department of Health (*see* Mental Hygiene Law § 29.29; Public Health Law

§ 2805-*l*), but not to local police. The court reasonably concluded that a statement by the resident who allegedly assaulted claimant in March was not a statement against his penal interest because the resident was not aware or could not understand that the statement was harmful to him (*see People v Ross*, 43 AD3d 567, 570 [2007], *lv denied* 9 NY3d 964 [2007]). Because the narrative portions of the police reports contained hearsay information which did not fall within any hearsay exception, the narratives were properly redacted from the reports.

Claimant was entitled to a partial finding of liability against defendant. Defendant was under a duty to exercise reasonable care to protect mentally disabled patients at its facilities and prevent them from being harmed (*see Harris v State of New York*, 117 AD2d 298, 303 [1986]). Operators of medical and residential facilities have a duty to safeguard patients and residents, even from injuries inflicted by third parties, "measured by the capacity of the patient [or resident] to provide for his or her own safety" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252 [2002]). The degree of reasonable care owed to such individuals "is measured by the patient's physical and mental ailments as known to the hospital [or facility] officials, physicians and employees" (*Scolavino v State of New York*, 187 Misc 253, 261 [1946], *mod on other grounds* 271 App Div 618 [1946], *affd* 297 NY 460 [1947]; *see Mulberg v State of New York*, 35 AD2d 856, 856 [1970], *affd* 29 NY2d 916 [1972]).

It is hard to conceive of an adult more vulnerable than claimant. At the time of these incidents, she was 39 years of age with a mental age of 51 months and an IQ of 37. She is severely mentally retarded, autistic, and suffers from extreme agitation, impulse and compulsion disorders. The young man involved in the February incident is autistic, mentally retarded and suffered from compulsion and aggression behaviors. The facility employees acknowledged that, due to the known developmental disabilities, safety plans for claimant and the resident involved in the February incident required that a staff member keep them within sight unless they were in their own rooms, at which point a door alarm was to be set. Facility policy required staff to check the resident's room any time a door alarm sounded. The resident involved in the March incident was on one-to-one supervision, meaning a staff member was supposed to be within an arm's length of him. By housing such vulnerable individuals in close proximity, defendant was required to supply a high level of supervision to fulfill its duty of reasonable care. Defendant breached its duty to claimant, as well as its own safety standards, by failing to properly supervise its residents to the degree

necessitated by their unpredictable behavior and specialized needs, as acknowledged by the facility staff (*see Goble v State of New York*, 123 AD2d 664, 665 [1986]; *Harris v State of New York*, 117 AD2d at 303; *see also Mulberg v State of New York*, 35 AD2d at 856).

Having determined that defendant owed claimant a duty and breached that duty by failing to properly supervise her and other residents who could harm her, we now turn to the issue of proximate cause. To establish proximate cause, claimant "must show that it was reasonably foreseeable that an injury could occur but need not demonstrate that the precise or exact manner in which the [incident] occurred was foreseeable or could be anticipated" (*Harris v State of New York*, 117 AD2d at 303; *see Di Ponzio v Riordan*, 89 NY2d 578, 584 [1997]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, 316-317 [1980]). Although defendant may not have been aware that a sexual assault was likely to occur if residents were left unsupervised, it was foreseeable that a resident could engage in some type of physical assault against another resident if the enacted safety plans were not adhered to (*see Genao v State of New York*, 178 Misc 2d 512, 517 [1998]; *compare Liang v Rosedale Group Home*, 19 AD3d 654, 655 [2005]). In each incident, when claimant and a male resident were not being supervised as required by defendant's safety plans, claimant ended up in a room alone with a male resident and her pants were down when she was discovered by staff. After the February incident, a physical examination revealed several injuries to claimant's genitalia that were consistent with a sexual assault, whereas the medical evidence after the March incident was inconclusive. Defendant's breach of its duty to claimant was a proximate cause of the February incident where she was apparently raped by a fellow resident. While the breach of duty also led to the March incident where she was found with her pants and underwear around her ankles only a foot away from a male resident, the evidence failed to prove that a sexual assault occurred at that time. Therefore, claimant was entitled to a finding in her favor on the issue of liability regarding the February incident, but not for the March incident. The matter should now proceed on the issue of damages for the February incident.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the portion of the claim regarding the February 2004 incident; a finding of liability is entered in favor of claimant for that incident and matter remitted to the Court of Claims for further proceedings on the issue of damages; and, as so modified, affirmed.