# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1418
CA 12-01159
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

DONNA STRZELCZYK AND THOMAS STRZELCZYK,
PLAINTIFFS-RESPONDENTS,

V                                           MEMORANDUM AND ORDER

NEIL PALUMBO, TAMMY PALUMBO,
DEFENDANTS-RESPONDENTS,
AND SATURN OF ROCHESTER, INC., DOING BUSINESS
AS SATURN OF WEST RIDGE, DEFENDANT-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF COUNSEL), FOR DEFENDANT-APPELLANT.

CAMPBELL & SHELTON LLP, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 2, 2012. The order, among other things, denied in part the motion of Saturn of Rochester, Inc., doing business as Saturn of West Ridge, for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the claim for breach of express warranty and dismissing that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Donna Strzelczyk (plaintiff) in an accident caused by an alleged defect in the antilock brake system (ABS) of an automobile owned by defendant Tammy Palumbo, operated by defendant Neil Palumbo, and purchased from Saturn of Rochester, Inc., doing business as Saturn of West Ridge (defendant). Defendant moved for summary judgment dismissing the amended complaint against it on the ground that plaintiffs failed to establish that the ABS defect existed at the time the vehicle was sold to Tammy Palumbo, and Supreme Court granted the motion in part by dismissing the negligence causes of action against defendant. Contrary to the contention of defendant, the court properly denied its motion with respect to the cause of action based on strict products liability and the claim based on breach of implied warranty. "A plaintiff in a products liability action need not establish the precise nature of the defect in order to make out a prima facie case . . . The existence of a defect may be inferred from the circumstances of the accident and from proof that

the product did not perform as intended" (*Landahl v Chrysler Corp.*, 144 AD2d 926, 927).  The Palumbos' "account of the car's performance . . . after it was purchased and the description of the manner in which the accident occurred tend to establish that the accident was the result of a [defect in the ABS sensor]" (*id.*).  Plaintiffs also submitted an expert affidavit demonstrating that the ABS defect caused the accident.  Further, the deposition testimony of defendant's former employee and owner and defendant's service records establish that the left rear ABS sensor was defective in a way that would cause the ABS to activate at inappropriate times.  Defendant failed to meet its burden of "establishing that plaintiff's injuries were not caused by a manufacturing defect in the product" (*Brown v Borruso*, 238 AD2d 884, 885), and instead "merely focused on the claimed deficiency in plaintiffs' proof" (*Landahl*, 144 AD2d at 927).

As plaintiffs correctly concede, however, the court erred in denying that part of defendant's motion with respect to the claim based on breach of express warranty because the contract explicitly disclaimed any express warranties on behalf of defendant (*see Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 19).  We therefore modify the order accordingly.  Finally, we reject defendant's contention that a separate claim against "Saturn of West Ridge" should be dismissed. The caption has been amended to reflect that "Saturn of Rochester, Inc., doing business as Saturn of West Ridge" is the sole remaining defendant aside from the Palumbos, and there is no "separate claim" against Saturn of West Ridge.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court