Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 15, 2012. The order, inter alia, denied the motion of defendant Jeremy J. Ptak for summary judgment.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when the vehicle he was operating rear-ended a vehicle operated by Jeremy J. Ptak (defendant), which in turn rear-ended a vehicle operated by defendant Kelly L. McCulloch, which had stopped in traffic. Defendant moved for summary judgment dismissing the complaint against him, and in the alternative he sought a bifurcated trial on liability and damages. Supreme Court denied defendant’s motion insofar as it sought summary judgment dismissing the complaint, but granted defendant the alternative relief requested. We affirm.
“A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [non-negligent] explanation for the accident” (Camarillo v Sandoval, 90 AD3d 593, 593 [2011] [internal quotation marks omitted]; see Roll v Gavitt, 77 AD3d 1412, 1413 [2010]; Johnson v Yarussi Constr., Inc., 74 AD3d 1772, 1772-1773 [2010]).
*1499 Although defendant met his initial burden of establishing a prima facie case of negligence on the part of plaintiff inasmuch as it is undisputed that plaintiffs vehicle rear-ended defendant’s stopped vehicle, we conclude that plaintiff submitted evidence of an adequate nonnegligent explanation for the collision (see Camarillo, 90 AD3d at 593). While other cases have held that a party’s testimony that he or she did not “see” the other vehicle’s brake lights illuminated before rear-ending that vehicle does not alone establish the requisite nonnegligent explanation for the collision (see Waters v City of New York, 278 AD2d 408, 409 [2000]; Barile v Lazzarini, 222 AD2d 635, 636-637 [1995]), those cases are distinguishable from this case. Here, plaintiff testified at his deposition that he was unable to discern whether defendant’s vehicle was stopped because defendant’s brake lights were not activated. Plaintiff, however, also submitted the deposition testimony of McCulloch and defendant in which they both described traffic conditions on the date of the accident as “congested” and “stop and go.” Additionally, plaintiff submitted evidence that defendant stopped suddenly. Indeed, plaintiff testified at his deposition that defendant apologized to plaintiff for the accident, explaining that McCulloch had stopped suddenly and that defendant “couldn’t help it.” That evidence, when viewed in the light most favorable to the nonmoving party (see Nichols v Xerox Corp., 72 AD3d 1501, 1502 [2010]), establishes a sufficient nonnegligent explanation for the collision.
The dissent characterizes defendant’s apology for the accident as being exculpatory, rather than an admission of fault. Our differing interpretations of that statement support our conclusion that issues of fact exist that preclude summary judgment. Further, the dissent emphasizes that, although plaintiff contends that the alleged sudden stop of defendant’s vehicle provides a nonnegligent explanation for the fact that his vehicle rear-ended defendant’s vehicle, plaintiff attempts to establish defendant’s negligence by submitting defendant’s alleged statement regarding the same nonnegligent explanation, i.e., McCulloch’s sudden stop caused defendant to stop suddenly. The dissent’s assertion, however, is of no moment inasmuch as defendant, not plaintiff, moved for summary judgment and defendant cannot meet its burden by relying on “claimed deficiencies] in plaintiff[’s] proof’ (Strzelczyk v Palumbo, 101 AD3d 1769, 1770 [2012]).
All concur except Smith, J.P., and Garni, J., who dissent and vote to reverse the order in accordance with the following memorandum.