# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

483

CA 13-01986

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

VICTORIA SCHNORR, ADMINISTRATOR OF THE ESTATE
OF WALTER VAGA, DECEASED, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

EMERITUS CORPORATION, DOING BUSINESS AS BELLEVUE
MANOR, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

ADORANTE, TURNER & ASSOC., CAMILLUS (ANTHONY P. ADORANTE OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

BONNER KIERNAN TREBACH & CROCIATA, LLP, NEW YORK CITY (KENNETH A.
SCHOEN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered March 25, 2013. The order granted the
motion of defendant Emeritus Corporation, doing business as Bellevue
Manor, for summary judgment and dismissed the complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the complaint against defendant Emeritus Corporation, doing
business as Bellevue Manor, is reinstated.

Memorandum: Plaintiff, as administrator of the estate of her
father (decedent), commenced this action seeking damages for personal
injuries allegedly inflicted upon decedent by a fellow resident at an
assisted living facility owned and operated by Emeritus Corporation,
doing business as Bellevue Manor (defendant). We agree with plaintiff
that Supreme Court erred in granting defendant's motion for summary
judgment dismissing the complaint against it.

Defendant, as the operator of an assisted living facility, had "a
duty to safeguard patients and residents, even from injuries inflicted
by third parties, 'measured by the capacity of the patient [or
resident] to provide for his or her own safety' " (*Dawn VV. v State of
New York*, 47 AD3d 1048, 1050, quoting *N.X. v Cabrini Med. Ctr.*, 97
NY2d 247, 252; *see Williams v Bayley Seton Hosp.*, 112 AD3d 917, 918).
"This sliding scale of duty . . . does not render a [facility] an
insurer of patient safety or require it to keep each patient under
constant surveillance" (*N.X.*, 97 NY2d at 253). Rather, "[a]s with any
liability in tort, the scope of a [facility]'s duty is circumscribed
by those risks which are reasonably foreseeable" (*id.; see Piazza v*

*Regeis Care Ctr., L.L.C.*, 47 AD3d 551, 553; *see generally Mays v City of Middletown*, 70 AD3d 900, 902).  Here, defendant owed a heightened duty of care to decedent and other residents of the memory care unit given the nature of their ailments, i.e., Alzheimer's, dementia, and memory loss (*see Dawn VV.*, 47 AD3d at 1050).

We conclude that the court erred in granting defendant's motion because defendant "failed to come forward with any proof to rebut plaintiff['s] allegations and merely focused on the claimed deficiency in plaintiff['s] proof" (*Landahl v Chrysler Corp.*, 144 AD2d 926, 927; *see Borowski v Ptak*, 107 AD3d 1498, 1499, *appeal dismissed* 21 NY3d 1036).  In support of its motion, defendant repeatedly argued that plaintiff "failed to satisfy [her] burden" of establishing a prima facie case of negligence because of the "absence of proof[]" with respect to duty, breach of duty, foreseeability, and proximate cause. Those arguments are misplaced, however, because "defendant, not plaintiff, moved for summary judgment and defendant cannot meet its burden by relying on 'claimed deficienc[ies] in plaintiff['s] proof' " (*Borowski*, 107 AD3d at 1499).  Although plaintiff will bear the burden of establishing defendant's negligence at trial, "on this motion for summary judgment, defendant has the burden of establishing its entitlement to judgment as a matter of law" (*Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1128), and we conclude that defendant failed to meet that burden (*see generally id.* at 1128-1129; *Landahl*, 144 AD2d at 927).

Defendant concedes that there was an altercation between decedent and another resident, and that such altercation resulted in decedent's injuries.  With respect to the foreseeability of the resident's alleged conduct, "defendant[], as the part[y] seeking summary judgment, bore the burden of establishing that the assault on [decedent] was not foreseeable" (*Brown v City of New York*, 95 AD3d 1051, 1052).  Defendant, however, "failed to submit any evidence to show that [it] lacked knowledge of any danger presented by the [resident]," and thus failed to establish its entitlement to judgment as a matter of law (*id.; see Navarra v Four Winds Hospital-Westchester*, 95 AD3d 850, 851, *lv dismissed* 19 NY3d 953).  Although defendant submitted an affidavit from the assistant director of the facility, who averred that she was unaware of any prior altercation between decedent and the resident at issue, notably absent from the affidavit is an assertion that the assistant director was unaware of any prior altercations or incidents between the resident at issue and other residents, or that she lacked notice of the resident's alleged violent or aggressive tendencies (*see Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879, 881; *cf. Royston v Long Is. Med. Ctr., Inc.*, 81 AD3d 806, 807; *Liang v Rosedale Group Home*, 19 AD3d 654, 655-656).

Even assuming, arguendo, that defendant met its initial burden of proof, we conclude that plaintiff raised an issue of fact with respect to whether defendant had "notice of any prior similar incidents or similar aggressive behavior by the [resident] such that it should have anticipated the alleged incident and protected [decedent] from it"

(*Royston*, 81 AD3d at 807; *see Dawn VV.*, 47 AD3d at 1050-1051; *cf.
McCreary v St. Luke's-Roosevelt Hosp. Ctr.*, 80 AD3d 499, 500; *Liang*,
19 AD3d at 656).  In opposition to the motion, plaintiff submitted,
inter alia, excerpts from defendant's records relating to the resident
at issue, which arguably show a history of escalating, aggressive
conduct on his part.  Plaintiff also submitted the affidavit of an
expert who opined, based upon his review of defendant's records, that
defendant should have removed the resident from the facility well
before the alleged assault on decedent because "the series of physical
encounters with residents and staff prior to the time that he injured
[decedent] should have disqualified him as an appropriate resident of
a facility such as Bellevue Manor."

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court