# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**260**

**CA 14-01372**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

LUKE DOUGLAS SMART, BY HIS GUARDIANS HAROLD
SMART AND JOANN SMART,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANFORTH J. RIVET, JR., ROBERT G. DESNOYERS,
INDIVIDUALLY AND DOING BUSINESS AS THE OLD MILL
RESTAURANT, DEFENDANTS-APPELLANTS-RESPONDENTS,
AND OSWEGO COUNTY OPPORTUNITIES, INC.,
DEFENDANT-RESPONDENT-APPELLANT.

---

SANTACROSE & FRARY, ALBANY (KEITH M. FRARY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

ROBERT E. GENANT, MEXICO, FOR PLAINTIFF-APPELLANT-RESPONDENT.

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (DANIEL P. LARABY
OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------------

Appeals and cross appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered October 30, 2013. The order granted that part of the motion of defendant Oswego County Opportunities, Inc., seeking dismissal of the amended complaint and cross claims against it and denied that part of the motion seeking to recover the costs of photocopying.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the amended complaint and cross claims against defendant Oswego County Opportunities, Inc., and as modified the order is affirmed without costs.

Memorandum: Plaintiff, by his parents and guardians Harold Smart and Joann Smart, commenced this action seeking damages for injuries he sustained when he was on a group outing conducted by defendant Oswego County Opportunities, Inc. (OCO). At the time of the accident, plaintiff was an adult resident of a group home operated by OCO. Plaintiff and another group home resident were on an overnight trip organized by OCO and supervised by OCO employees when they stopped for dinner at the Old Mill Restaurant, owned and operated by defendants Danforth J. Rivet, Jr., and Robert G. Desnoyers (collectively, Old Mill). Plaintiff became agitated after his meal was served, whereupon he rose from the table, walked across the restaurant, exited a side

door, and fell several feet to the parking lot below.  There were no stairs connecting the parking lot and that door.

We agree with the contention of plaintiff and Old Mill on appeal that Supreme Court erred in granting that part of OCO's motion seeking summary judgment dismissing the amended complaint and cross claims against it, and we therefore modify the order accordingly.  OCO had a duty to safeguard its residents, "measured by the capacity of [an individual resident] to provide for his or her own safety" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252; *see Schnorr v Emeritus Corp.*, 118 AD3d 1307, 1307).  "The degree of reasonable care owed to such individuals is measured by the [resident's] physical and mental ailments as known to the [agency's] officials . . . and employees" (*Dawn VV. v State of New York*, 47 AD3d 1048, 1050 [internal quotation marks omitted]; *see generally Convey v City of Rye Sch. Dist.*, 271 AD2d 154, 159).  "As with any liability in tort, the scope of [that] duty is circumscribed by those risks which are reasonably foreseeable" (*N.X.*, 97 NY2d at 253) and, "[i]n this case, the focus of the inquiry is on the foreseeability of the risk" (*Di Ponzio v Riordan*, 89 NY2d 578, 583).

OCO failed to establish as a matter of law that it was not reasonably foreseeable that plaintiff would cause injury to himself if not adequately supervised (*see generally Peevey v Burgess*, 192 AD2d 1115, 1116).  In view of the evidence concerning plaintiff's behavioral problems and OCO's awareness of those problems, we conclude that there are issues of fact whether his accident was "within the class of foreseeable hazards that [OCO's] duty [to supervise] exists to prevent . . . , even though the harm may have been brought about in an unexpected way" (*Di Ponzio*, 89 NY2d at 584; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316-317, *rearg denied* 52 NY2d 784).

OCO also failed to establish as a matter of law that its alleged negligence was not a proximate cause of the accident.  "[T]he issue of proximate cause may be decided as a matter of law 'where only one conclusion may be drawn from the established facts' " (*Scala v Scala*, 31 AD3d 423, 424).  Here, the established facts do not demonstrate conclusively that the accident was caused solely by the allegedly dangerous condition at the restaurant (*see Przesiek v State of New York*, 118 AD3d 1326, 1327), or that the accident occurred so quickly that any lack of supervision by OCO was not a proximate cause of the accident (*cf. Convey*, 271 AD2d at 160).

Finally, contrary to the contention of OCO on cross appeal, we conclude that the court properly denied that part of OCO's motion seeking reimbursement of expenses it incurred in responding to the discovery requests of plaintiff and Old Mill (*see Gehen v Consolidated Rail Corp.*, 289 AD2d 1026, 1027).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court