■ NIMESH W. PATEL, Respondent, v AMERICAN MEDICAL RESPONSE, INC., Respondent, and WINTHROP UNIVERSITY HOSPITAL et al., Appellants. [21 NYS3d 137]—

In an action to recover damages for personal injuries, the defendants Winthrop University Hospital and Winthrop University Hospital, doing business as Winthrop-University Association, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated July 30, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2009, the plaintiff's decedent, who was suffering from end-stage renal disease, received dialysis treatment three times a week at a dialysis unit operated by the defendants Winthrop University Hospital and Winthrop University Hospital, doing business as Winthrop-University Association (hereinafter together the Winthrop defendants). The decedent testified at a deposition that on October 9, 2009, two emergency medical technicians (hereinafter EMTs) employed by the defendant American Medical Response, Inc. (hereinafter AMR), transported him by ambulance from his home to the Winthrop defendants' facility for his scheduled dialysis treatment. The EMTs brought him into the dialysis unit on a stretcher, and assisted him off of the stretcher and helped him stand up on a scale, but then left him unattended on the scale. He lost his balance and fell, causing him to sustain injuries.

The decedent commenced this action against AMR and the Winthrop defendants to recover damages for personal injuries. He subsequently died from his underlying medical condition, and his son, the administrator of his estate, was substituted as the plaintiff. The Winthrop defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the Supreme Court denied the motion.

"A hospital has a duty to safeguard the welfare of its patients, even from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252 [2002]; *see D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]). "This sliding scale of duty is limited, however; it does not render a hospital an insurer of patient safety or require it to keep each patient under constant surveillance. As with any liability in tort, the scope of a hospital's duty is circumscribed by those risks which are reasonably foreseeable" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d at 253 [citation omitted]).

Here, the Winthrop defendants failed to establish, prima facie, that they did not breach a duty owed to the decedent. The decedent was transported to the Winthrop defendants' facility for dialysis treatment, and a witness for the Winthrop defendants testified at his deposition that the weighing of the decedent, on the Winthrop defendants' premises, was a critical component of that treatment. It was reasonably foreseeable that a patient suffering from end-stage renal disease, who was transported to the Winthrop defendants' facility by ambulance and in a stretcher, could fall while being weighed in at the dialysis unit, if not properly supervised. Thus, the decedent's injury was reasonably foreseeable to the Winthrop defendants.

In support of their motion, the Winthrop defendants submitted deposition testimony indicating that it was customary practice for EMTs of transportation companies to be responsible for weighing patients brought to the dialysis unit on a stretcher prior to transferring care of the patient to the Winthrop defendants' dialysis nurses. However, they did not present any evidence that there was any written policy or agreement to that effect. Under these circumstances, the deposition testimony submitted by the Winthrop defendants failed to establish, prima facie, that they did not owe a duty to the decedent.

Since the Winthrop defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, their motion was properly denied, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.