# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**501**

**CA 16-01789**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

LISA T. SNOW, AS ADMINISTRATOR OF THE ESTATE
OF SALVATORE S. TRUSELLO, DECEASED,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

DEPAUL ADULT CARE COMMUNITIES, INC., DOING
BUSINESS AS KENWELL, DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA, LLP, BUFFALO (ARLOW M. LINTON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 21, 2015. The order, inter alia, denied in part the cross motion of plaintiff to compel responses to nonparty subpoenas.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that granted only in part her cross motion to compel responses to nonparty subpoenas seeking psychiatric records of Chester Rusek, who assaulted and caused the death of plaintiff's decedent while they were both residents at the Kenwell DePaul Adult Care Center (Kenwell), an assisted living facility operated by defendant. In the course of a criminal proceeding commenced against Rusek, both prosecution and defense experts conducted psychiatric examinations of Rusek. Rusek died during the pendency of that proceeding, and the charges were dismissed. By the nonparty subpoenas, plaintiff seeks the reports of those psychiatric experts and the documents upon which they relied. Defendant moved to quash the subpoenas, and plaintiff cross-moved to compel compliance with them. Following an in camera review, Supreme Court denied the motion in part and granted the cross motion in part, directing the production of seven of those documents relied upon by the prosecution's expert, all of which predated or concerned the assault. The court did not direct the production of the reports themselves. Plaintiff appeals.

CPLR 3101 (a) (4) allows a party to obtain discovery from a nonparty, and provides that "[t]here shall be full disclosure of all

matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The phrase "material and necessary" in section 3101 "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). A movant seeking to quash a subpoena has the burden of establishing that "the futility of the process to uncover anything legitimate is inevitable or obvious . . . or . . . the information sought is utterly irrelevant to any proper inquiry" (*id.* [internal quotation marks omitted]). Contrary to plaintiff's contention, we conclude that defendant met its burden with respect to all but the seven documents in the file of the prosecution's expert.

The complaint herein alleges that defendant breached its duty to keep plaintiff's decedent safe. As the operator of the assisted living facility, defendant owed plaintiff's decedent a duty to protect him from Rusek only to the extent that Rusek's violence was foreseeable (*see Schnorr v Emeritus Corp.*, 118 AD3d 1307, 1307). Thus, we agree with the court that the only "proper inquiry" was defendant's actual or constructive notice of Rusek's violent nature prior to the assault (*Kapon*, 23 NY3d at 38 [internal quotation marks omitted]). Having reviewed the submitted documents in camera, we conclude that the only documents relevant to that inquiry were the seven documents that the court released to plaintiff.

Given our conclusion that the remaining documents are not material and necessary to the prosecution or defense of the action, we do not reach plaintiff's further contentions that those documents are not privileged and were not sealed pursuant to CPL 160.50.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court