Benz v Calder (2018 NY Slip Op 00984)





Benz v Calder


2018 NY Slip Op 00984


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


128 CA 17-01263

[*1]ASHLEY BENZ, PLAINTIFF-RESPONDENT,
v
JEAN CALDER, ET AL., DEFENDANTS, JOHN M. SZCZEPANSKI AND M.G. FITZPATRICK, DEFENDANTS-APPELLANTS. 






MCCABE, COLLINS, MCGEOUGH, FOWLER, LEVINE & NOGAN, LLP, HAMBURG (TAMARA M. HARBOLD OF COUNSEL), FOR DEFENDANT-APPELLANT JOHN M. SZCZEPANSKI.
BOUVIER LAW, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT M.G. FITZPATRICK.
DIXON & HAMILTON, LLP, GETZVILLE (DENNIS P. HAMILTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 4, 2016. The order, inter alia, denied the motions of defendants John M. Szczepanski and M.G. Fitzpatrick for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she allegedly sustained in a multivehicle accident. We conclude that Supreme Court properly denied the respective motions of John M. Szczepanski and M.G. Fitzpatrick (defendants) for summary judgment dismissing the complaint against them. Although defendants met their initial burdens of establishing as a matter of law that plaintiff's negligence in rear-ending Fitzpatrick's vehicle was the sole proximate cause of the accident (see Johnson v Curry, 155 AD3d 1601, 1601 [4th Dept 2017]), plaintiff raised an issue of fact by submitting evidence of a nonnegligent explanation for the accident, i.e., the sudden stop of the vehicles operated by defendants (see Borowski v Ptak, 107 AD3d 1498, 1499 [4th Dept 2013]; Colonna v Suarez, 278 AD2d 355, 355 [2d Dept 2000]).
Finally, Szczepanski's contention regarding the emergency doctrine is raised for the first time on appeal and is therefore not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court