Matter of Barber v Borgwarner, Inc. (2019 NY Slip Op 05850)





Matter of Barber v Borgwarner, Inc.


2019 NY Slip Op 05850


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


130 CA 18-00738

[*1]IN THE MATTER OF LINDA MARTIN BARBER, PETITIONER-RESPONDENT,
v
BORGWARNER, INC., BORGWARNER MORSE TEC LLC, AND YORK INTERNATIONAL CORPORATION, RESPONDENTS-APPELLANTS. 






GILBERT LLP, WASHINGTON, D.C. (MARK A. PACKMAN, OF THE DISTRICT OF COLUMBIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND REED SMITH LLP, NEW YORK CITY, FOR RESPONDENTS-APPELLANTS.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), AND CLAUSEN MILLER, PC, CHICAGO, ILLINOIS, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered February 13, 2018. The order, inter alia, granted the petition to quash nonparty subpoenas and denied the cross motion of respondents to compel the deposition of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is denied and the cross motion is granted.
Memorandum: Petitioner commenced this proceeding seeking to quash nonparty subpoenas served on her pursuant to CPLR 3119 by respondents, which are out-of-state corporations involved in pending litigation in Illinois against TIG Insurance Company (TIG). In the Illinois action, respondents seek recovery from TIG of defense costs they incurred in defending thousands of asbestos claims. TIG is the successor in interest to International Insurance Company (International), for which petitioner worked between 1994 and 1998. TIG contends in the Illinois action that it is not obligated to reimburse respondents for defense costs because it did not consent to such costs, as required by the relevant excess liability insurance policies that it issued to respondents. Supreme Court granted the petition and denied respondents' cross motion to compel petitioner to submit to a deposition. We now reverse.
"CPLR 3101 (a) (4) allows a party to obtain discovery from a nonparty, and provides that [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof' " (Snow v DePaul Adult Care Communities, Inc., 149 AD3d 1573, 1574 [4th Dept 2017]). The phrase "material and necessary" in CPLR 3101 "must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
"An application to quash a subpoena should be granted [o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332 [1988] [internal quotation marks omitted]), and the burden is on the party seeking to quash a subpoena to make such a showing (see Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn., 23 NY2d 918, 918 [1969], cert denied 395 US 959 [1969]; Snow, 149 AD3d at 1574).
Here, petitioner, in support of her petition, asserted that her testimony is not material or [*2]necessary to the Illinois action because she has no personal knowledge of the underlying asbestos claims and no personal knowledge of the underlying policies or the insureds. "[A] witness's sworn denial of any relevant knowledge," however, is insufficient, standing alone, to establish that the discovery sought is utterly irrelevant to the action or that the subpoena, if honored, will obviously and inevitably fail to turn up relevant evidence (Menkes v Beth Abraham Health Servs., 120 AD3d 408, 409 [1st Dept 2014]). In any event, even if petitioner lacks personal knowledge of the underlying claims, policies or insureds, her deposition testimony is still potentially relevant because she has personal knowledge of how International interpreted and enforced similar "consent" provisions of other excess policies while she was employed by International. Indeed, she was the head of claims at International, handling claims made on excess liability insurance policies with respect to asbestos cases, among other things. We note that the court in the Illinois action has ruled that evidence relating to the "custom and practice" in the insurance industry of interpreting and enforcing consent provisions of excess policies is admissible at trial. The court rejected TIG's contention that the consent provisions are unambiguous and should be interpreted as written and that custom and practice evidence is inadmissible under the parol evidence rule.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court