Cipriano v East End Disability Assoc., Inc. (2025 NY Slip Op 01786)

Cipriano v East End Disability Assoc., Inc.

2025 NY Slip Op 01786

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04661
 (Index No. 609724/19)

[*1]Mindy Cipriano, etc., appellant, 
v
East End Disability Associates, Inc., respondent.

Melucci Firm, P.C., Garden City, NY (Daniel Melucci of counsel), for appellant.
Black Marjieh & Sanford LLP, Elmsford, NY (Michael J. Driscoll and Sheryl A. Sanford of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 13, 2023. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is the guardian of an individual who was nonverbal and had physical and mental disabilities (hereinafter the resident) and who resided at Russell House, a group care home for adults with developmental disabilities in Manorville. Russell House was operated by the defendant, East End Disability Associates, Inc. (hereinafter East End).
In May 2019, the plaintiff commenced this action against East End to recover damages for personal injuries that the resident allegedly sustained while under East End's care, the immediate cause of which was unknown. After discovery was complete, East End moved for summary judgment dismissing the amended complaint. In an order dated April 13, 2023, the Supreme Court granted East End's motion. The plaintiff appeals.
To prevail on a negligence claim, a plaintiff must demonstrate a duty owed by the defendant, breach of that duty, and injury proximately resulting therefrom (see Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 18; Mitchell v Icolari, 108 AD3d 600, 601). The degree of care owed by a residential facility to a resident with mental and physical disabilities "is measured by the [resident's] physical and mental ailments as known to the [facility's] officials . . . and employees" (Dawn VV. v State of New York, 47 AD3d 1048, 1050 [internal quotation marks omitted]; see Killeen v State of New York, 66 NY2d 850, 851-852; Campbell v Cluster Hous. Dev. Fund Co., 247 AD2d 353, 354).
Here, East End established its prima facie entitlement to judgment as a matter of law by submitting evidence that showed that, despite his disabilities, the resident was able to ambulate without any assistance and that he was under general supervision, which meant that he did not need one-on-one constant supervision while at Russell House. It also is undisputed that there had never been any prior incidents involving the resident's falling while under East End's care. "As with any [*2]liability in tort, the scope of a [facility]'s duty [to its residents] is circumscribed by those risks which are reasonably foreseeable" (N.X. v Cabrini Med. Ctr., 97 NY2d 247, 253; see Patel v American Med. Response, Inc., 133 AD3d 730, 731).
In opposition, the plaintiff failed to raise a triable issue of fact. Speculative and conclusory assertions are insufficient to defeat summary judgment (see Alfonso v Pacific Classon Realty, LLC, 101 AD3d 768, 769; Hartman v Mountain Val. Brew Pub, 301 AD2d 570, 571). While the resident is nonverbal, the record demonstrates that the incident was not witnessed by anyone who was mentally competent, which placed the plaintiff and East End "on equal footing with regard to access to the facts," such that, contrary to the plaintiff's contention, the Noseworthy doctrine was inapplicable (Dawn VV. v State of New York, 47 AD3d at 1049 [internal quotation marks omitted]; see Noseworthy v City of New York, 298 NY 76; Atehortua v Jaramillo, 195 AD3d 670, 672; Perrelli v Evangelista, 170 AD3d 905, 906). Further, as the plaintiff failed to submit any evidence demonstrating, inter alia, that the resident's injuries were attributable to an agency or instrumentality within East End's exclusive control, the doctrine of res ipsa loquitur was inapplicable (see Christopher v Atluri, 189 AD3d 988, 990).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted East End's motion for summary judgment dismissing the amended complaint.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court